# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN UMANSKY,<br><br>    Plaintiff,<br> v.<br><br>MELTON INTERNATIONAL TACKLE; TRACY M. MELTON; DISCOVER FINANCIAL SERVICES, INC.; DISCOVER BANK; AND DISCOVER FINANCIAL SERVICES, LLC,<br><br>    Defendants. | CIVIL ACTION NO.: 2:17-cv-4712 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Dated: January 16, 2018      Respectfully submitted,

             By:  /s/ *Daniel JT McKenna*
                Daniel JT McKenna, Esquire
                Jenny Perkins, Esquire
                Marissa Edwards, Esquire
                BALLARD SPAHR LLP
                1735 Market Street, 51st Floor
                Philadelphia, PA 19103
                (215) 665-8500

                *Attorneys for Defendants Discover Bank and Discover Products, Inc.*

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................... 1
II. PROCEDURAL HISTORY AND STATEMENT OF FACTS .................................... 2
    A. Procedural History ............................................................................................ 2
    B. Statement Of Facts ........................................................................................... 2
III. ARGUMENT ........................................................................................................... 5
    A. Standard of Review .......................................................................................... 5
    B. **Plaintiff Fails To State a Claim Under the FCBA** .............................................. 5
        1. Plaintiff Did Not Send A Sufficiently Descriptive Written Notice ............ 6
        2. Plaintiff Did Not Properly Submit Her Dispute ......................................... 7
        3. Plaintiff Did Not Notify Discover of Her Refusal to Pay The Debt ........... 8
    C. **Plaintiff's UTPCPL Claims Fails** ...................................................................... 9
        1. Plaintiff's First UTPCPL Claim Fails ...................................................... 10
        2. Plaintiff's Second UTPCPL Claim Fails ................................................. 11
    D. **Plaintiff's Fraud Claim Fails** ........................................................................... 12
IV. CONCLUSION ..................................................................................................... 14

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (U.S. 2009) ................................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 5

*Benner v. Bank of Am., N.A.*,
   917 F. Supp. 2d 338 (E.D. Pa. 2013) .................................................................................... 10

*Booze v. Allstate Ins. Co.*,
   750 A.2d 877 (Pa. Super. Ct. 2000) ...................................................................................... 11

*Colaizzi v. Beck*,
   895 A.2d 36 (Pa. Super. Ct. 2006) ........................................................................................ 11

*Deloe v. Dep't Stores Nat'l Bank*,
   No. 3:17-cv-00022-SB, 2017 U.S. Dist. LEXIS 149315 .........................................................6

*Floyd v. Brown & Williamson Tobacco Corp.*,
   159 F. Supp. 2d 823 (E.D. Pa. 2001) .................................................................................... 11

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) .....................................................................................................7

*Hunt v. United States Tobacco Co.*,
   538 F.3d 217 (3d Cir. 2008) ...................................................................................................10

*Krieger v. Bank of Am., N.A.*,
   2017 U.S. Dist. LEXIS 6133 (M.D. Pa. Jan. 17, 2017) ...........................................................6

*Maranto v. Citifinancial Retail Servs., Inc.*,
   448 F. Supp. 2d 758 (W.D. La. 2006) .....................................................................................6

*Morse v. Lower Merion Sch. Dist.*,
   132 F.3d 902 (3d Cir. 1997) .....................................................................................................5

*People's Bank v. Smulley*,
   NO. CV 91-0283291, 1992 Conn. Super. LEXIS 3298 (Super. Ct. Nov. 18, 1992) ................6

*Pratts v. State Farm Fire & Cas. Co.*,
   No. 3:16-CV-2385, 2017 WL 4151182 (M.D. Pa. Sept. 19, 2017) ........................................12

*Scott v. Macy's Inc.*,
 No. 1:14-CV-3141, 2015 U.S. Dist. LEXIS 15272 (E.D. Wash. Jan. 30, 2015) ........................7

*Silva v. Barclays Bank Del.*,
 No. 6:14-cv-00651-TC, 2014 U.S. Dist. LEXIS 156889, 2014 WL 5591014 ..........................7

*Werwinski v. Ford Motor Co.,*
 286 F.3d 661 (3d Cir. 2002) ....................................................................................................12

*Wulf v. Bank of America, N.A.,*
 798 F. Supp.2d 586 (E.D. Pa. 2011) .......................................................................................12

**STATUTES**

73 P.S. § 201-1, *et seq.* ("UTPCPL") .........................................................................1, 9, 10, 11, 12

Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1601, *et seq.* ...........................................1, 8, 9, 10

**OTHER AUTHORITIES**

Fed R. Civ. P. 9(b) ........................................................................................................................11

Fed. R. Civ. P 12(b)(6) ....................................................................................................................5

## I.     INTRODUCTION

Plaintiff's claims arise from a dispute she had with a merchant regarding its return policy. Plaintiff complains that co-defendant Melton International Tackle ("Melton") provided Plaintiff with store credit rather than a refund in violation of its return policy relating to Plaintiff's purchase of fishing poles. Discover's only involvement in the subject transaction is that Plaintiff placed her orders at Melton with a Discover credit card.

In both her Complaint and her First Amended Complaint, Plaintiff failed to state a claim upon which relief can be granted as to Discover. Plaintiff's Second Amended Complaint is no different. Indeed, Plaintiff has made no effort to substantively amend her original claims under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1601, *et seq.*, or the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. ("UTPCPL"), and instead adds additional frivolous claims based upon improper documentation from *her attorney's* credit card account. In fact, Plaintiff's Second Amended Complaint even goes so far as to attach a *completely different* Billing Dispute Notice than the one she had asserted applied to her account in both her Complaint and First Amended Complaint.

Nevertheless, Plaintiff has again failed to plead any cognizable causes of action against Discover. While Plaintiff has tried to revive her FCBA claim by attaching documentation relating to her attorney's Discover's account, she has still failed to plead all the necessary elements to state a claim under the FCBA. . Plaintiff's newly alleged claims fair no better.

Accordingly, for these reasons, and as further discussed herein, Plaintiff's claims against Discover should be dismissed in their entirety and with prejudice.

## II. PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

### A. Procedural History

On or about September 29, 2017, Plaintiff instituted this action by filing the Complaint in the Court of Common Pleas for Bucks County. As this Court has both federal question and diversity jurisdiction, on October 20, 2017, Discover timely removed the matter. Thereafter, Discover moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

On or about November 14, 2017, Plaintiff filed her First Amended Complaint. Plaintiff's Amended Complaint was, factually, nearly identical to her original Complaint and as such, Discover again moved to dismiss her claims for failure to state a claim upon which relief can be granted. In response thereto, Plaintiff filed a Second Amended Complaint and soon thereafter, a motion for leave to amend. That motion was granted by this Court. Discover now moves to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted.

### B. Statement Of Facts

The basic facts have not changed: Plaintiff purchased two orders of fishing poles from Melton and that, after returning one order and cancelling the other, Melton refused to refund the full price of the fishing poles and instead issued her store credit, less a 20% re-stocking fee, in the amount of $11,944.00. *See* Second Am. Compl. at ¶ 43. Following her attempts to resolve this return policy dispute with Melton directly, on January 12, 2017, Plaintiff allegedly "made a complaint" to Discover disputing the charges. *Id.* at ¶¶48-49. Plaintiff alleges that she provided Discover with notice of the dispute "via the Discover Website's portal" and that, in response

---

[1] For the sake of this Motion only, Discover presumes the truth of the allegations contained in the Second Amended Complaint.

2

thereto, Discover sent Plaintiff correspondence indicating that it found the charges to be "valid based on merchant's documentation." *Id.* at ¶ 57.

Within ten days, Plaintiff wrote to Discover again "advising Discover that Umanksy stilled [sic] believed that the charges were wrong." *Id.* at ¶ 58.[2] Critically, Plaintiff does not allege that she advised Discover that she was refusing to pay the balance. *See generally*, Second Am. Compl. Despite these notices, Plaintiff alleges that Discover reported her credit card account as delinquent without also notifying any third parties that the charges were still in dispute. *Id.* at ¶ 64.

Plaintiff next alleges, for the first time, that she submitted the dispute via the website portal (and not in writing to the address on her cardmember agreement) because Discover represented to her that she was allowed to do so. Specifically, Plaintiff now alleges that "[i]n accessing the billing error dispute portal via an internet link on *Plaintiff's* Recent Activity webpage, *Plaintiff* accessed the Frequently Asked Questions concerning Billing Errors to confirm she was taking the appropriate steps to protect herself under all applicable laws." Second Am. Compl. at ¶ 50. She alleges that this webpage provided that she could submit her disputes online. *Id*.

However, the corresponding exhibit clearly indicates that the document itself was not obtained from Plaintiff's account. Indeed, the exhibit clearly reveals that the document was accessed via a Discover account "Ending in 7073" and belonging to "Louis A. DiJacamo III".[3] *See* Exhibit L. This document also shows that the webpage was accessed on December 14, 2017,

---

[2]   Notably, unlike nearly every other allegation in the Second Amended Complaint, Plaintiff does not provide a date for when she sent this correspondence. Rather, since her first two attempts were insufficient in her prior complaints (i.e., "Soon after…" Compl. and Am. Compl. at ¶ 52), this time Plaintiff merely parrots the language of the statute in an attempt to survive a motion to dismiss.

[3]   Louis A. DiJacamo III is counsel of record for Plaintiff.

3

nearly a year after the alleged dispute was submitted and just prior to the submission of the Second Amended Complaint. *See* Exhibit L. Plaintiff further alleges, again for the first time, that her Discover's Billing Rights Notice state:

> If you receive our explanation but still believe your bill is wrong, you must write to us *(or visit https://discover.com/billingerrornotice)* within 10 days telling us that you still refuse to pay. If you do so, we cannot report you as delinquent without also reporting that you are questioning your bill. We must tell you in writing the name of anyone to whom we reported you as delinquent, and we must let those organizations know when the matter has been settled between us.

*Id*. at ¶ 59; *see also* Second Am. Compl. at Ex. M. (emphasis added). However, the Billing Right Notice from the cardmember agreement that Plaintiff previously alleged (not once, but twice) applied to her Account at the time she submitted the disputes *does not* contain the above emphasized language or any references to submitting disputes online at all. *Compare* Second Amended Compl. Exhibits L-M *with* Compl. *and* Am. Compl at Exhibit L. Rather, Plaintiff's Complaint and First Amended Complaint alleged that the following Billing Rights Notice applied to Plaintiff's account:

> If we do not believe there was a mistake: . . . *If you receive our explanation but still believe your bill is wrong, you must write to us within 10 days telling us that you still refuse to pay.* If you do so, we cannot report you as delinquent without also reporting that you are questioning your bill. We must tell you in writing the name of anyone to whom we reported you as delinquent, and we must let those organizations know when the matter has been settled between us.

*See* Compl. and Am. Complaint at ¶ 59 (emphasis added); *see also* Compl. *and* Am. Compl at Exhibit L.[4] Tellingly, the Billing Rights Notice attached to Plaintiff's prior complaints was also directly preceded by a letter that states "Dear Ellen Umansky: Thank you for your recent inquiry

---

[4] This Billing Rights Notice is also attached to Plaintiff's Second Amended Complaint as Exhibit O. However, that appears to be inadvertent as Plaintiff has identified Exhibit O in her Second Amended Complaint as a correspondence received from Melton.

4

about your Cardmember Agreement. Enclosed is the Cardmember Agreement that pertains to *your account*." Compl. and Am. Compl at Exhibit L (emphasis added).  Yet, despite these previous assertions to the Court, Plaintiff now alleges that a completely different Billing Rights Notice, apparently accessed through her attorney's Discover account, is the operative agreement.

Irrespective, however, for the reasons set forth more fully below, even with Plaintiff's improper documentation unrelated to Plaintiff's account, Plaintiff has still failed to state a claim as a matter of law and her Second Amended Complaint should be dismissed with prejudice.

### III.   ARGUMENT

#### A.   Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009).  Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*  A plaintiff cannot, however, rely upon unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'").

#### B.   Plaintiff Fails To State a Claim Under the FCBA

As Discover has detailed in both its previous Motions to Dismiss, to assert a claim under the FCBA, a plaintiff must allege facts showing that she: (1) sent a sufficiently descriptive written notice of the alleged billing error; (2) to the address specified in cardmember agreement;

5

(3) within 60 days of receipt of a statement containing the error. *See, e.g., Krieger v. Bank of Am., N.A.*, 2017 U.S. Dist. LEXIS 6133, at *8-9 (M.D. Pa. Jan. 17, 2017) (reciting elements of an FCBA claim); *Maranto v. Citifinancial Retail Servs., Inc.*, 448 F. Supp. 2d 758, 761 (W.D. La. 2006) (dismissing FCBA claim where Plaintiff did not mail the written dispute to the address on the front of his statement as required by the cardmember agreement).

To satisfy the first element, a plaintiff must plead facts sufficient to demonstrate that *the written notice* included: (1) information that allows the creditor to ascertain the consumer's name and account number, (2) an indication that the consumer believes the statement contains a billing error and the amount of that error, and (3) the reasons for the consumer's belief. *Id.* at *9; *see also People's Bank v. Smulley*, NO. CV 91-0283291, 1992 Conn. Super. LEXIS 3298, at *5 (Super. Ct. Nov. 18, 1992) (dismissal of FCBA claim is appropriate where plaintiff "has not alleged that the notice stated the reasons, to the extent applicable, supporting her belief that an error was made"). Plaintiff has *again* failed to plead both the first and second elements of an FCBA claim.

1. <u>Plaintiff Did Not Send A Sufficiently Descriptive Written Notice</u>

Plaintiff's Second Amended Complaint again fails to provide any facts or details regarding the contents *of her written notice* and as such, Plaintiff has failed to establish that the notice was sufficiently descriptive as required to state a claim under the statute.[5] *See generally* Second Am. Compl; *see also Deloe v. Dep't Stores Nat'l Bank*, No. 3:17-cv-00022-SB, 2017 U.S. Dist. LEXIS 149315, at *9 (D. Or. Aug. 18, 2017) ("Nowhere in the complaint does Plaintiff

---

[5] While Plaintiff's Second Amended Complaint *itself* contains plenty of detail regarding the dispute, she fails to indicate which, if any, of these details were actually included in the *written notice* she sent to Discover nor does she include a copy of the purported written notice of the dispute. Plaintiff's failure to provide a copy of the written dispute she allegedly submitted online to Discover is particularly telling in light of the fact that Plaintiff attached copies of every other correspondence she allegedly sent or received from Discover or Melton in relation to the allegations raised in this action.

allege that she submitted a written notice that contained the substantive information required by the FCBA. Accordingly, Plaintiff's FCBA claim should be dismissed."); *Silva v. Barclays Bank Del.*, No. 6:14-cv-00651-TC, 2014 U.S. Dist. LEXIS 156889, 2014 WL 5591014, at *2 (D. Or. Nov. 3, 2014) (dismissing FCBA claim where the plaintiff's "communications with defendant were insufficient to trigger any obligation under the FCBA because they did not identify any particular billing error, the amount, or legitimate explanation of why he believed the billing was in error") (footnote omitted)).

While Plaintiff does baldy allege that she provided her "name, account number, the date, amount, and type of Billing Error, and the reasons why you [sic] think a Billing Error exists", this is merely a verbatim recitation of the language used by Discover. *Compare* Second Am. Compl at ¶ 51 with ¶ 54. In fact, Plaintiff does not even allege that she included the reason why *she* thought a Billing Error exists but merely parroted Discover's language requiring that "you" (the account holder) thinks there is an error. This type of conclusory allegation is insufficient as a matter of law. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (holding that post-*Iqbal*, in all federal civil cases, "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss" and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Scott v. Macy's Inc.*, No. 1:14-CV-3141, 2015 U.S. Dist. LEXIS 15272, at *20 (E.D. Wash. Jan. 30, 2015) ("Surely, the [FCBA's] intent is not give consumers the right to allege generalized, blanket disputes of their bills in an effort to delay or avoid payment.")

    2. <u>Plaintiff Did Not Properly Submit Her Dispute</u>

Even if Plaintiff had alleged that her written dispute was sufficiently descriptive, the same being specifically denied, Plaintiff failed to provide Discover the requisite written notice to the address on her statements (as required under the FCBA) as she admits that she submitted

her disputes via Discover's website. In an attempt to overcome this fatal flaw, Plaintiff relies on documents procured on December 14, 2017, apparently from her attorney's Discover card account, which she alleges somehow proves that *she* was permitted to submit *her* FCBA claim online for *her* account in January of *2017*. However, as Plaintiff has not shown that these documents relate to her Discover account in any way, they should be wholly disregarded by this Court. This is especially true when, as detailed above, the new documents are materially different from the documents she affirmatively alleged applied to her Account and attached to both her Complaint *and* her First Amended Complaint. *Compare* Second Amended Compl. Exhibits L-M *with* Compl. and Am. Compl at Exhibit L.

Moreover, and more importantly, Plaintiff provides no support for the proposition that the statutory requirements to state a claim under the FCBA can somehow be modified by Discover's alleged representations regarding its own actions. Accordingly, Plaintiff has failed to satisfy the FCBA and her claim fails as a matter of law and her claim should be dismissed.

### 3. Plaintiff Did Not Notify Discover of Her Refusal to Pay The Debt

Even if Plaintiff had met her initial burden of sending a sufficiently descriptive written dispute to the address on her cardmember agreement, the same being specifically denied, Discover's duty to then mark Plaintiff's debt as disputed (the basis of Plaintiff's claims against Discover) would only be triggered if Plaintiff, within 10 days of receiving Discover's decision, sent Discover a separate written communication stating that she disagrees and "*still refuse[s] to pay*" the charge. *See* 15 U.S.C.A. § 1666a(b) (emphasis added); *see also* Second Am. Compl. at ¶ 59. As explicitly stated in the Billing Rights Notice relied upon by Plaintiff:

> "If you receive our explanation but still believe your bill is wrong, you must write to us . . . within 10 days telling us that you still refuse to pay. **If you do so**, we cannot report you as delinquent without also reporting that you are questioning your bill. We must tell you in writing the name of anyone to whom we reported you as

8

> delinquent, and we must let those organizations know when the matter has been settled between us.

*Id.* at ¶ 59; *see also* Second Am. Ex. M. (emphasis added).[6] Thus, the duties that Plaintiff alleges Discover breached (i.e.- failing to mark her debt as disputed and not telling her the name of anyone her debt was reported to) are contingent upon Plaintiff: (1) writing to Discover; (2) within 10 days of receiving Discover's explanation; (3) and telling Discover that she "refuse[s] to pay" her bill. *Id.*

Here, Plaintiff only alleges that "within ten days of Discover's Response concerning the Billing Errors, Umansky wrote to Discover, advising Discover that Umansky *still believed the charges were wrong*". *Id.* Overlooking the fact that Plaintiff is still unable to provide a date for when she sent this online notice and instead merely parrots back the 10-day statutory requirements it was "within 10 days" (likely because Discover objected to her first two attempts of pleading "soon after"), Plaintiff's claim still does not satisfy the requirement that she state in writing that she is refusing to pay the charge. *See* Second Amended Compl at ¶ 59 ("If you receive our explanation, but still believe your bill is wrong, you must write to us…within 10 days *telling us that you still refuse to pay*"). Thus, Discover's duty to mark the debt disputed here is triggered by Plaintiff's formal refusal to pay the balance.

Accordingly, because Plaintiff has *still* failed to allege that she told Discover that she refuses to pay, Discover's duty to mark the debt disputed was never triggered under the FCBA and Plaintiff has failed to state a claim upon which relief can be granted for the third time.

C. **Plaintiff's UTPCPL Claims Fails**

Plaintiff alleges that Discover violated the UTPCPL by (1) "violating the terms of the Fair Credit Billing Act" (the "First UTPCPL Claim") and (2) only warning customers that

---

[6] The Billing Error Notice contained in the cardmember agreement relied upon by Plaintiff in her Complaint and First Amended Complaint also contain the emphasized language.

9

submission of a Billing Dispute may not be investigated if it is submitted over the phone (the "Second UTPCPL Claim"). *See* Second Am. Compl at ¶¶ 117-118. Both of these claims fail as a matter of law.

### 1. Plaintiff's First UTPCPL Claim Fails

Plaintiff first reiterates her original claim that Discover violated the UTPCPL simply because it "violated the terms of the Fair Credit Billing Act". Second Am. Compl at ¶ 117. Plaintiff provides no support for the proposition that a violation of the FCBA automatically gives rise to a violation of the UTPCPL. Moreover, for the reasons set forth more fully above, as Plaintiff has failed to allege a viable FCBA claim, her derivate First UTPCPL Claim necessarily fails.

Additionally, Plaintiff again fails to allege *any* justifiable reliance on *any* supposed misrepresentation or wrongful conduct by Discover arising out of its alleged FCBA violation. *See Id.* at ¶ 116-117. As the Third Circuit has made plain, to succeed on a UTPCPL claim a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance. *See Hunt v. United States Tobacco Co.*, 538 F.3d 217, 224 (3d Cir. 2008) ("In sum, the Supreme Court of Pennsylvania has announced and applied a broad rule that private plaintiffs must allege justifiable reliance under the Consumer Protection Law."). Plaintiff also fails to allege that she suffered any damages "as a result of [any] reliance." *Hunt*, 538 F.3d at 221-22 (finding that a "causal connection between the misrepresentation and the harm" is not sufficient and that causation is required."); *see also Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 360 (E.D. Pa. 2013) ("A plaintiff must be able to point to money or property that he would have had but for the defendant's fraudulent actions.") (internal citations omitted).

Here, Plaintiff has not identified (and it is hard to imagine how she ever could) any action she did (or did not do) as a result of Discover's violation of the FCBA. For example, Plaintiff has not alleged that she only purchased the fishing poles because she believed Discover would investigate any billing errors nor does she allege that she did not attempt to resolve the matter with Melton directly because she believed Discover would not violate the FCBA.[7]

Accordingly, Plaintiff has not alleged that she was harmed as a result of her justifiable reliance on any misrepresentation by Discover vis-à-vis it's responsibilities under the FCBA and her First UTPCPL Claim should be dismissed.

### 2. Plaintiff's Second UTPCPL Claim Fails

Similarly, Plaintiff's Second UTPCPL Claim also fails as a matter of law. In her Second Amended Complaint, Plaintiff alleges, for the first time, that Discover violated the UTPCPL because Discover only specifically warns customers that submission of the Billing Dispute may not be investigated if it is submitted over the phone call. *Id.* at ¶ 118. Presumably, Plaintiff argues that this warning is misleading because it does not also specify that Billing Disputes may not be investigated if they are submitted via the online portal. *Id.*

Preliminarily it should be noted that Discover has never asserted that disputes submitted online will not be investigated. Indeed, Plaintiff's billing dispute *was* investigated.

---

[7] Even if Plaintiff had successfully alleged harm as a result of justifiable reliance, her UTPCPL claim still fails because he has not alleged all of the elements of common law fraud, as required to state a claim under the UTPCPL. *See Booze v. Allstate Ins. Co.,* 750 A.2d 877, 880 (Pa. Super. Ct. 2000); *Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa. Super. Ct. 2006) ("In order to establish a violation of this catchall provision, a plaintiff must prove all of the elements of common law fraud."). The elements of common law fraud are: (1) a representation; (2) that is material to the transaction; (3) made falsely, with knowledge of its falsity; (4) with the intent of misleading another into relying on it; (5) justifiable reliance; and (6) resulting injury, proximately caused by the reliance. These elements must be pled with particularity. Fed R. Civ. P. 9(b); *see also Floyd v. Brown & Williamson Tobacco Corp*., 159 F. Supp. 2d 823, 832 (E.D. Pa. 2001) (holding that Rule 9(b) applies to UTPCPL claim). Plaintiff has not pled any of those required elements and therefore her UTPCPL claim necessarily fails.

11

Plaintiff alleges only that she did not agree with the outcome of the investigation, not that Discover did not perform one. Moreover, and more importantly, Plaintiff's claim is wholly barred by the economic loss doctrine because it is grounded solely in contract and Plaintiff only seeks monetary damages.

The economic loss doctrine "prohibits [a] plaintiff from recovering in tort economic losses to which their entitlement flows only from a contract." *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 671 (3d Cir. 2002) (applying Pennsylvania law and finding that the economic loss doctrine bars UTPCPL claims) (internal quotation marks and citation omitted). The economic loss doctrine focuses "on the nature of the underlying right or duty. If the alleged breach arises from the parties' agreement, the remedy lies in contract; however, where the alleged breach arises from a social policy or standard, the tort remedy is appropriate." *Wulf v. Bank of America, N.A.,* 798 F. Supp.2d 586, 596-97 (E.D. Pa. 2011).

Here, Plaintiff's Second UTPCPL claim is barred under the economic loss doctrine because her damages are purely economic and flow from an alleged breach of contract (i.e.- the Billing Dispute Notice contained in the Cardmember Agreement). Accordingly, Plaintiff's second UTPCPL claim cannot be maintained and amendment would be futile. *See Werwinski,* 286 F.3d at 671; *see also Pratts v. State Farm Fire & Cas. Co.,* No. 3:16-CV-2385, 2017 WL 4151182, at *6 (M.D. Pa. Sept. 19, 2017) (dismissing UTPCPL claim pursuant to the economic doctrine and noting that the Court is bound by *Werwinski* "unless the Third Circuit or the Pennsylvania Supreme Court rules otherwise").[8]

### D. Plaintiff's Fraud Claim Fails

Finally, Plaintiff's newly alleged fraud claim also fails. Plaintiff alleges that "Discover represented to Plaintiff that it would investigate any billing error that Plaintiff

---

8   *See also* footnote 6, supra.

submitted via its online portal" and that it would report Plaintiff's debt as disputed "if Plaintiff notified Discover that the Billing Error remained in dispute within fifteen days of its notice". *See* Second Amended Complaint at ¶¶ 120-127. However, Plaintiff's own allegations prove Plaintiff's claim for fraud fails as a matter of law.

First, as acknowledged by Plaintiff, Discover did in fact perform an investigation into Plaintiff's dispute. Plaintiff does not allege that it did not. Rather, Plaintiff simply disagrees with the outcome of the investigation. As Plaintiff does not allege that Discover ever represented that the billing dispute would be investigated and then resolved in her favor, she has failed to identify any misrepresentation by Discover. Moreover, her contention that Discover represented to Plaintiff that it would report Plaintiff's debt as disputed "if Plaintiff notified Discover that the Billing Error *remained in dispute* within *fifteen days* of its notice" is accurate based on the contents of Plaintiff's Second Amended Complaint and the Exhibits attached thereto. *Id.* at ¶ 59; *see also* Second Am. Compl at Ex. M. (emphasis added). Indeed, throughout Plaintiff's Second Amended Complaint (as well as prior pleadings), Plaintiff consistently alleges that Discover represented to Plaintiff that:

> "If you receive our explanation but still believe your bill is wrong, you must write to us . . . **within 10 days** telling us that **you still refuse to pay**. If you do so, we cannot report you as delinquent without also reporting that you are questioning your bill. We must tell you in writing the name of anyone to whom we reported you as delinquent, and we must let those organizations know when the matter has been settled between us.

*Id*. As such, Discover represented only that it would mark the debt disputed *if*, within ten days, Plaintiff tells Discover that she "still refuses[s] to pay" the debt. *Id.* Plaintiff does not allege that she ever told Discover she was refusing to pay the debt, much less that she did so within ten days.

Therefore, as Discover's representations regarding marking the debt as disputed were contingent on Plaintiff formal refusal to pay the balance and as Plaintiff does not allege that

13

she did so, Plaintiff has failed to identify any misrepresentation made by Discover and her claim should be dismissed.[9]

## IV. CONCLUSION

For the foregoing reasons, Discover respectfully request that this Honorable Court dismiss Plaintiff's claims against them with prejudice.

Respectfully submitted by,

Dated:  January 16, 2018                /s/ *Daniel JT McKenna*
                                        Daniel JT McKenna, Esquire
                                        Jenny Perkins, Esquire
                                        Marissa Edwards, Esquire
                                        BALLARD SPAHR LLP
                                        1735 Market Street, 51st Floor
                                        Philadelphia, PA 19103
                                        (215) 665-8500

                                        *Attorneys for Defendants Discover Bank and Discover Products, Inc.*

---

[9] *See also* Footnote 6, *supra*.